IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN SPRADLEY,

        Plaintiff,        6:11-cv-1141-TC

        v.        FINDINGS AND RECOMMENDATION

STATE OF OREGON, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his rights under the Eighth Amendment denying him mental health treatment and medication after he threatened to commit suicide. Complaint (#2) p. 3. Plaintiff further alleges that defendants subjected him to cruel and unusual punishment by placing him

1 - FINDINGS AND RECOMMENDATION

in solitary confinement and denying him medication for his post-traumatic stress disorder and severe Depression. Id., p. 4-5.

Defendant now move to dismiss plaintiff's complaint on the ground that he failed to exhaust his administrative with respect to his claims. Motion to Dismiss (#35). Plaintiff has not filed a response.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009); see also, Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000).

Inmates are require to exhaust all grievance remedies before filing a § 1983 action, including appealing the grievance decision to the highest level within the grievance system. Wyatt v. Terune, 315 F.3d 1108 (9th Cir. 2003). If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

In this case, plaintiff filed a grievance which appears

2 - FINDINGS AND RECOMMENDATION

to relate to the first claim alleged in his complaint. However, he failed to file an appeal to that grievance after it was denied. Declaration of Jason Hanson (#38) paragraph 14-16. Plaintiff also filed grievances which appear to relate to his second and third claims, but he failed to timely file appeals to those grievances after they were denied. Declaration of James A. Taylor (#39) paragraphs 20-25.

It is undisputed that plaintiff did not exhaust his administrative remedies prior to filing this action. Defendants' Motion to Dismiss (#35) should be allowed. Plaintiff's Complaint (#2) should be dismissed without prejudice. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the

3 - FINDINGS AND RECOMMENDATION

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 11 day of June, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION